UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| CERENCE OPERATING COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Case No. 7:25-cv-00400<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST
<u>APPLE INC.</u>**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Cerence Operating Company ("Plaintiff" or "Cerence") makes the following allegations against Defendant Apple Inc. ("Apple" or "Defendant"):

**PARTIES**

1. Plaintiff Cerence is a corporation organized and existing under the laws of the state of Delaware, with a place of business at 25 Mall Road, Suite 416, Burlington, Massachusetts 01803. Cerence is the sole owner by assignment of all right, title, and interest in the Asserted Patents, including the right to recover damages for past, present, and future infringement.

2. Cerence is a wholly-owned subsidiary of Cerence Inc., a spin-off of Nuance Communications, Inc. Cerence Inc. is the world's leading provider of automotive assistant technology, primarily focusing on user interaction (UX) technology such as voice and text input and output, and creating intelligent, flexible and intuitive in-car experiences for the world's leading automakers. Cerence has been innovating in this space for over 20 years and currently holds more

than 700 patents, including over 100 mobile text entry patents relating to numerous aspects of swipe or gesture texting, predictive text, text correction, and handwritten characters technology. Cerence's mobile text entry patents include assets acquired from Nuance Communications, IBM, Motorola, Tegic Communications, Swype, and AOL. Cerence's patents have been cited over 8,000 times, including by Apple, Google, Microsoft, and Samsung, and have been used by patent examiners to block over 250 patents. Indeed, during Apple's own patent prosecution activities alone, over 2,000 citations have been made to Cerence patent applications and issued patents, including at least 76 times where Cerence patent applications and issued patents were used to block Apple's patent applications.

3. This complaint arises from Apple's unlawful infringement of the following United States patents owned by Cerence, which generally relate to improvements in text input and recognition, and voice command monitoring for electronic devices: United States Patent Nos. 7,251,367 ("'367 patent), 7,453,439 ("'439 patent"), 7,750,891 ("'891 patent"), 8,712,755 ("'755 patent"), 9,256,580 ("'580 patent"), and 9,361,885 ("'885 patent") (collectively, the "Asserted Patents").

4. On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple has one or more regular and established places of business in this District, including at 12545 Riata Vista Circle, Austin, TX 78727; 6900 W Parmer Lane, Austin, TX 78729; 320 S. Capital of Texas Hwy, West Lake Hills, TX 78746; 7400 San Pedro Avenue, San Antonio, TX 78216; 3121 Palm Way, Austin, TX 78758; 15900 La Cantera Parkway, San Antonio, TX 78256; 8401 Gateway Boulevard West, El Paso, TX 79925; and 2901 S Capital of Texas Hwy, Austin, TX, 78746. On information and belief, Apple may be

served with process through its registered agent in Texas, C T Corporation System 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code § 1, *et seq*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Apple in this action because Apple has committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice. Apple, directly and/or through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents, and inducing others to infringe the Asserted Patents in this District. Apple is directly and through intermediaries making, using, selling, offering for sale, distributing, advertising, promoting, and otherwise commercializing their infringing products in this District. Apple regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to the residents of this District and the State of Texas.

7. Apple has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice. Apple, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing,

offering for sale, selling, and advertising its products and/or services in Texas and the Western District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in Texas, and commits acts of infringement of Cerence's patents in this District by, among other things, supplying, distributing, developing, making, using, offering to sell, and selling Apple devices and services that infringe Cerence's patents. For example, Apple has numerous distributors and retailers in this judicial district, including over numerous Apple Stores.

8. Apple maintains a significant physical presence and employs many people in this District. In November 2019, Apple stated that it had approximately 7,000 employees in the city of Austin and "has broken ground on its new $1 billion, 3-million-square-foot campus" expected to open in 2022 that "will initially house 5,000 employees, with the capacity to grow to 15,000." *See* https://www.apple.com/newsroom/2019/11/apple-expands-in-austin/ (last accessed July 17, 2025). Further, in January 2023, it was reported that "Apple has filed projects totaling $240 million for an expansion of its north Austin campus." https://www.mysanantonio.com/business/article/tesla-apple-austin-expansion-17708535.php (last accessed July 17, 2025). Further, "Apple is adding 419,441 square-feet of office space" with constructing that began on September 30, 2023, and which was estimated at the time to be completed on March 30, 2025. *Id.*

9. On information and belief, Apple employs engineering, product-operations, service and support, and marketing teams at its Austin campus—including personnel working with user experience and device input features accused of infringing Cerence's patents in this case. Apple "has a three-million square foot campus in northwestern Austin with employees in engineering, research and development, operations and customer support roles."

4

https://www.kxan.com/news/local/austin/apple-plans-new-ai-server-factory-in-texas-as-part-of-500b-plan/ (last accessed July 17, 2025). *See also, e.g.*, https://jobs.apple.com/en-us/details/200606735/input-device-product-design-engineer (last accessed August 11, 2025) (advertising position in Austin, Texas for input device product design engineer position). Accordingly, venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(b).

## APPLE'S KNOWLEDGE OF THE ASSERTED PATENTS

10. In May 2021, Cerence contacted Apple regarding the potential acquisition of or license to, inter alia, its mobile text entry patents. In its letter to Apple, Cerence provided Apple with (i) an executive summary of, inter alia, its mobile text entry patents; (ii) spreadsheets identifying at least some of the citations made to Cerence patent applications and issued patents during Apple's patent prosecution, as well as instances where Cerence patent applications and issued patents were used to block Apple's patent applications; (iii) claim charts identifying how Apple infringes numerous patents in the mobile text entry patent portfolio, including the '891 patent, '755 patent, and '367 patent; and (iv) access to an online data room with information regarding Cerence's mobile text entry patents, including Cerence's complete asset list and family tree, and identified numerous other Cerence patents and technologies, including the '439 patent. Cerence and Apple engaged in limited discussions and communications that year, but no resolution was reached concerning the mobile text entry patent portfolio. For example, on July 12, 2021, Cerence provided an additional asset list & family tree, which listed, inter alia, the '580 patent and the '439 patent. As a further example, on September 22, 2021, Cerence sent a communication to Apple regarding Cerence's Wake Word sub-portfolio of patents, including the '885 patent.

11. Apple, however, has yet to stop its use of Cerence's technology or to seek a license to do so, and continues its unauthorized, infringing use of the inventions disclosed in Cerence's

patents.

## INFRINGEMENT OF U.S. PATENT NO. 7,251,367

12. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,251,367, entitled "System And Method For Recognizing Word Patterns Based On A Virtual Keyboard Layout." The '367 patent was duly and legally issued by the United States Patent and Trademark Office on July 31, 2007. A true and correct copy of the '367 patent is attached as Exhibit 1.

14. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products that utilize systems and methods for recognizing word patterns by identifying an input as a stroke, matching the stroke to a stored list of word patterns, and generating and displaying the matched word to the user, including without limitation Apple iPhones and iPads with iOS13+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '367 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

15. The Accused Products satisfy all claim limitations of one or more claims of the '367 patent. A claim chart comparing an independent claim of the '367 patent to representative Accused Products is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

16. Apple also knowingly and intentionally induces infringement of one or more claims of the '367 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Apple has had knowledge of the '367 patent and the infringing nature of the Accused

6

Products. Despite this knowledge of the '367 patent, Apple continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '367 patent. Apple does so knowing and intending that these companies and their customers will commit these infringing acts.

17. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Cerence and is liable for infringement of the '367 patent pursuant to 35 U.S.C. § 271.

18. As a result of Apple's infringement of the '367 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

19. Apple's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '367 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

20. Apple also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously, and wantonly continues to infringe the '367 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '367 patent. For example, Cerence and Apple communicated, e.g., in the May 2021-October 2021 time frame, regarding Cerence's mobile text entry patent portfolio and Apple's infringement of it. In these discussions, Cerence notified Apple of the '367 patent at least as early as May 11, 2021. Despite Cerence's knowledge of or willful blindness to the '367 patent and Cerence's

allegations of infringement as a result of the May 2021-October 2021 communications as well as the filing of this complaint, Cerence continued and still continues to infringe the '367 patent. In doing so, Apple knew, or should have known, that its conduct amounted to infringement of the '367 patent. Apple is therefore liable for willful infringement.

### INFRINGEMENT OF U.S. PATENT NO. 7,453,439

21. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,453,439, entitled "System And Method For Continuous Stroke Word-Based Text Input." The '439 patent was duly and legally issued by the United States Patent and Trademark Office on November 18, 2008. A true and correct copy of the '439 patent is attached as Exhibit 5.

23. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products with "slide to type" keyboard functionality which allows the user to enter a word by contacting the keyboard on or near the key of the first letter, tracing through or near the key of each letter in sequence, and lifting the stylus from the keyboard in the vicinity of the key of the last letter, and matches the input pattern to the correct word by comparing it against words in a database, including without limitation Apple iPhones and iPads with iOS13+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '439 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

24. The Accused Products satisfy all claim limitations of one or more claims of the '439 patent. A claim chart comparing an independent claim of the '439 patent to representative Accused

Products is attached as Exhibit 6, which is hereby incorporated by reference in its entirety.

25. Apple also knowingly and intentionally induces infringement of one or more claims of the '439 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Apple has had knowledge of the '439 patent and the infringing nature of the Accused Products. Despite this knowledge of the '439 patent, Apple continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '439 patent. Apple does so knowing and intending that these companies and their customers will commit these infringing acts.

26. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Cerence and is liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271.

27. As a result of Apple's infringement of the '439 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

28. Apple's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '439 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

29. Apple also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously, and wantonly continues to infringe the '439 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe

the '439 patent. Apple knew of, or was willfully blind to, to '439 patent and that the Accused Products infringed it long before this suit was filed. For example, Cerence and Apple communicated, e.g., in the May 2021-October 2021 time frame, regarding Cerence's patent portfolio and Apple's infringement of it. In these discussions, Cerence notified Apple of the '439 patent at least as early as May 11, 2021. Despite Apple's knowledge of the '439 patent, Apple continues to infringe. In doing so, Apple knew, or should have known, that its conduct amounted to infringement of the '439 patent. Accordingly, Apple is liable for willful infringement.

**INFRINGEMENT OF U.S. PATENT NO. 7,750,891**

30. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 7,750,891, entitled "Selective Input System Based On Tracking Of Motion Parameters Of An Input Device." The '891 patent was duly and legally issued by the United States Patent and Trademark Office on July 6, 2010. A true and correct copy of the '891 patent is attached as Exhibit 7.

32. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products that have a selective input system that tracks the motion of a pointing device over an area, including without limitation Apple iPhones and iPads with iOS13+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '891 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

33. The Accused Products satisfy all claim limitations of one or more claims of the '891 patent. A claim chart comparing an independent claim of the '891 patent to representative Accused

Products is attached as Exhibit 8, which is hereby incorporated by reference in its entirety.

34. Apple also knowingly and intentionally induces infringement of one or more claims of the '891 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Apple has had knowledge of the '891 patent and the infringing nature of the Accused Products. Despite this knowledge of the '891 patent, Apple continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '891 patent. Apple does so knowing and intending that these companies and their customers will commit these infringing acts.

35. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Cerence and is liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271.

36. As a result of Apple's infringement of the '891 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

37. Apple's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '891 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

38. Apple also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously, and wantonly continues to infringe the '891 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe

the '891 patent. For example, Cerence and Apple communicated, e.g., in the May 2021-October 2021 time frame, regarding Cerence's mobile text entry patent portfolio and Apple's infringement of it. In these discussions, Cerence notified Apple of the '891 patent at least as early as May 11, 2021. Despite Cerence's knowledge of or willful blindness to the '891 patent and Cerence's allegations of infringement as a result of the May 2021-October 2021 communications as well as the filing of this complaint, Cerence continued and still continues to infringe the '891 patent. In doing so, Apple knew, or should have known, that its conduct amounted to infringement of the '891 patent. Apple is therefore liable for willful infringement.

### INFRINGEMENT OF U.S. PATENT NO. 8,712,755

39. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

40. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,712,755, entitled "System And Method For Improving Text Input In A Shorthand-On-Keyboard Interface." The '755 patent was duly and legally issued by the United States Patent and Trademark Office on April 29, 2014. A true and correct copy of the '755 patent is attached as Exhibit 9.

41. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products that utilize a word pattern recognition system to improve text input entered on a shorthand-on-keyboard interface, including without limitation Apple iPhones and iPads with iOS13+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '755 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

42. The Accused Products satisfy all claim limitations of one or more claims of the '755 patent. A claim chart comparing an independent claim of the '755 patent to representative Accused Products is attached as Exhibit 10, which is hereby incorporated by reference in its entirety.

43. Apple also knowingly and intentionally induces infringement of one or more claims of the '755 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Apple has had knowledge of the '755 patent and the infringing nature of the Accused Products. Despite this knowledge of the '755 patent, Apple continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '755 patent. Apple does so knowing and intending that these companies and their customers will commit these infringing acts.

44. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Cerence and is liable for infringement of the '755 patent pursuant to 35 U.S.C. § 271.

45. As a result of Apple's infringement of the '755 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

46. Apple's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '755 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

47. Apple also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly,

egregiously, and wantonly continues to infringe the '755 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '755 patent. For example, Cerence and Apple communicated, e.g., in the May 2021-October 2021 time frame, regarding Cerence's mobile text entry patent portfolio and Apple's infringement of it. In these discussions, Cerence notified Apple of the '755 patent at least as early as May 11, 2021. Despite Cerence's knowledge of or willful blindness to the '755 patent and Cerence's allegations of infringement as a result of the May 2021-October 2021 communications as well as the filing of this complaint, Cerence continued and still continues to infringe the '755 patent. In doing so, Apple knew, or should have known, that its conduct amounted to infringement of the '755 patent. Apple is therefore liable for willful infringement.

**INFRINGEMENT OF U.S. PATENT NO. 9,256,580**

48. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

49. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,256,580, entitled "System And Method For Improving Text Input In A Shorthand-On-Keyboard Interface." The '580 patent was duly and legally issued by the United States Patent and Trademark Office on February 9, 2016. A true and correct copy of the '580 patent is attached as Exhibit 11.

50. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products that utilize a word pattern recognition system to improve text input entered on a shorthand-on-keyboard interface, including without limitation Apple iPhones and iPads with iOS13+ (collectively, "Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '580 patent. Identification of the Accused

Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

51. The Accused Products satisfy all claim limitations of one or more claims of the '580 patent. A claim chart comparing an independent claim of the '580 patent to representative Accused Products is attached as Exhibit 12, which is hereby incorporated by reference in its entirety.

52. Apple also knowingly and intentionally induces infringement of one or more claims of the '580 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Apple has had knowledge of the '580 patent and the infringing nature of the Accused Products. Despite this knowledge of the '580 patent, Apple continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '580 patent. Apple does so knowing and intending that these companies and their customers will commit these infringing acts.

53. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Cerence and is liable for infringement of the '580 patent pursuant to 35 U.S.C. § 271.

54. As a result of Apple's infringement of the '580 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

55. Apple's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '580 patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that

come within the scope of the patent claims.

56. Apple also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously, and wantonly continues to infringe the '580 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '580 patent. Apple knew of, or was willfully blind to, to '580 patent and that the Accused Products infringed it long before this suit was filed. For example, Cerence and Apple communicated, e.g., in the May 2021-October 2021 time frame, regarding Cerence's patent portfolio and Apple's infringement of it. In these discussions, Cerence notified Apple of the '580 patent at least as early as July 12, 2021. Despite Apple's knowledge of the '580 patent, Apple continues to infringe. In doing so, Apple knew, or should have known, that its conduct amounted to infringement of the '580 patent. Accordingly, Apple is liable for willful infringement.

## INFRINGEMENT OF U.S. PATENT NO. 9,361,885

57. Cerence realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

58. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,361,885, entitled "Methods And Apparatus For Detecting A Voice Command." The '885 patent was duly and legally issued by the United States Patent and Trademark Office on June 7, 2016. A true and correct copy of the '885 patent is attached as Exhibit 13.

59. On information and belief, Apple makes, uses, offers for sale, sells, and/or imports certain products that utilize methods for monitoring voice commands while operating in low power or idle mode, including without limitation Apple iPhones and iPads with iOS5+, Apple Watches with watchOS 5+, and Apple HomePods released on or after February 2018 (collectively,

"Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '885 patent. Identification of the Accused Products will be provided in Cerence's infringement contentions disclosed pursuant to the Court's scheduling order.

60. The Accused Products satisfy all claim limitations of one or more claims of the '885 patent. A claim chart comparing an independent claim of the '885 patent to representative Accused Products is attached as Exhibit 14, which is hereby incorporated by reference in its entirety.

61. Apple also knowingly and intentionally induces infringement of one or more claims of the '885 patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Apple has had knowledge of the '885 patent and the infringing nature of the Accused Products. Despite this knowledge of the '885 patent, Apple continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '885 patent. Apple does so knowing and intending that these companies and their customers will commit these infringing acts.

62. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Apple has injured Cerence and is liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271.

63. As a result of Apple's infringement of the '885 patent, Cerence is entitled to monetary damages in an amount adequate to compensate for Apple's infringement, but in no event less than a reasonable royalty for the use made of the invention by Apple, together with interest and costs as fixed by the Court.

64. Apple's infringing activities have injured and will continue to injure Cerence, unless and until this Court enters an injunction prohibiting further infringement of the '885 patent,

and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

Apple also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously, and wantonly continues to infringe the '885 patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '885 patent. Apple knew of, or was willfully blind to, to '885 patent and that the Accused Products infringed it long before this suit was filed. For example, Cerence and Apple communicated, e.g., in the May 2021-October 2021 time frame, regarding Cerence's patent portfolio and Apple's infringement of it. In these discussions, Cerence notified Apple of the '885 patent at least as early as July 12, 2021. Despite Apple's knowledge of the '885 patent, Apple continues to infringe. In doing so, Apple knew, or should have known, that its conduct amounted to infringement of the '885 patent. Accordingly, Apple is liable for willful infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Cerence prays for the following relief:

    (a)    A judgment in favor of Cerence that Apple has infringed, either literally and/or under the doctrine of equivalents, the Asserted Patents;

    (b)    A judgment and order enjoining Apple and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, from infringing the Asserted Patents;

    (c)    A judgment and order requiring Apple to pay Cerence its damages, costs, expenses, and pre-judgment and post-judgment interest for Apple's infringement of the Asserted Patents;

(d) A judgment and order requiring Apple to pay Cerence compulsory ongoing licensing fees, as determined by the Court;

(e) A judgment and order finding that Apple has willfully infringed the Asserted Patents and requiring Apple to pay enhanced damages pursuant to 35 U.S.C. § 284;

(f) A judgment and order requiring Apple to provide an accounting and to pay supplemental damages to Cerence, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products;

(g) A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Cerence its reasonable attorneys' fees against Apple; and

(h) Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Cerence, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 4, 2025

Respectfully submitted,

*/s/ Benjamin T. Wang*

RUSS AUGUST & KABAT
Marc A. Fenster, SBN 181067
Email: mfenster@raklaw.com
Benjamin T. Wang, SBN 228712
Email: bwang@raklaw.com
Andrew D. Weiss, SBN 232974
Email: aweiss@raklaw.com
Paul A. Kroeger, SBN 229074
Email: pkroeger@raklaw.com
Qi (Peter) Tong, SBN 300347
Email: ptong@raklaw.com

Shani Williams, SBN 274509
Email: swilliams@raklaw.com
James S. Tsuei, SBN 285530
Email: jtsuei@raklaw.com
Minna Y. Chan, SBN 305941
Email: mchan@raklaw.com
Bradley Hyde, SBN 301145
Email: bhyde@raklaw.com
Daniel Kolko, SBN 341680
Email: dkolko@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff*
CERENCE OPERATING COMPANY